The next matter is Eileen Green versus Brian Gerard. Good morning. Good morning. Ms. Francis? Good morning. Simone Francis on behalf of the appellant Eileen Green. And I would like to reserve four minutes for rebuttal, please. Very well. On behalf of the appellant, we urge this court to find that the district court committed legal error when it issued its March 31st, 2010 opinion and order granting the motion to dismiss filed by the appellees. As the record below makes clear, Eileen Green had filed a complaint in the district court against 13 individual defendants. The claims of Eileen Green had...  Is it the estate? I believe that the estate currently owns Parcel 2, yes, Your Honor. And has the probate been completed yet? To the best of our knowledge, Your Honor, the probate proceeding is still open. However, the status, the true status of that proceeding is exactly as it was before. That Mr. Brian passed away in 1990, and that proceeding has been essentially dormant for much of the past two decades. So while it remains formally open, there are no hearings occurring. The probate court had taken no action at the time that Eileen Green had filed its complaint. And Parcel Number 3, which was the parcel that Eileen Green owns, at no time had been owned by Mr. Brian or the estate of Joseph Brian. That piece of property was acquired from an unrelated individual. And the actions that gave rise to Eileen's complaint obviously postdated Mr. Brian's passing. If the probate isn't completed yet, and it isn't clear yet who will end up owning Parcel 2, because right now you say it's the estate, then why isn't this a dispute about an easement of claim against the estate, or at least the executrix of the estate? It's our position that while there was a later claim, the notice of interest has never been part of the property of the probate estate or the easement that purports to have arisen from the notice of interest and at no time was part of the property of the estate. But Judge, we- I'm sorry. Has there been a – am I correct? There's been no finding in the probate court as to whether or not the easement is an estate asset. There's no action – that is correct, Your Honor. I mean, there is essentially no- So that's a key issue that's before us. The probate court is not set up to make that sort of determination. While there is a procedure under Virgin Islands law, while somebody who, for example, as in the estate of Oat, where the decedent executes a promissory note, passes away, and somebody claiming to have rights pursuant to that transaction can submit a claim to an executor-administratrix, the probate court is in no way set up to adjudicate rights to an easement or any of the claims that I'm- On what authority? If the property, i.e. the easement, was owned by the decedent, isn't it indeed the probate court that would decide who then has rights and whether the decedent had any rights to that easement? If we were to decide that, what jurisdiction would we have to decide the interests of the estate in this property? Again, the probate, that assumes, Your Honor, certain things that did not exist in this case. That would have assumed that an easement claim had existed, had been listed as part of a probate proceeding. Well, if it's property of the estate, why does it need to be listed? I guess I'm searching for your authority for the proposition that this would not properly be before a probate court. What authority do you have for that? Your Honor, the easement didn't come into existence, or the claim that purports to be an easement, did not even come into existence until December 23, 2008, when Ms. Kharad filed something in the Office of the Recorder of Deeds. Well, that's in and of itself disputed, isn't it? As to what was and wasn't in existence at a certain time. I mean, these situations go back to the 60s, for heaven's sake. There is certainly, Your Honor, a long history of chain of title, but in terms of the notice of interest itself, the filing that gave rise to the claim, that filing didn't exist until 2008, well after Mr. Bryan passed away, and there was no probate proceeding pending at that time seeking to transfer an easement or in any way distribute an easement as part of the assets of Mr. Bryan's estate. That probate proceeding had been dormant. The heirs were doing whatever they were doing, content to leave that proceeding dormant. Well, what did they do? What claim do you really have against the heirs? What did they do that gives you, gives Island Green a right to relief against them? It is the allegation and the complaint, and granted we have not had the opportunity to engage in discovery or do any of the things that the federal rules contemplate, but it's our allegation that the heirs individually published notices and papers, trespassed on Island Green's land, engaged— Do you mean the heirs or Ethel Bryan? Ethel, yes. Well, Ethel Bryan acting on behalf of herself and also her siblings. So it is our position that Ms. Bryan, acting on her own behalf and on behalf of other individual members of her family, made publications in territorial newspapers, made representations and interfered with proceedings or attempts that Island Green was making to secure permits, that there was trespass on Island Green's property. All of those events occurred, and it is our position that regardless of what might happen at the end of the day, those actions stated independent claims against those individuals. So if we were in your favor with respect to some or all of your claims and don't require you to comply with the probate procedure, then do you agree that your recovery can only be limited to those defendants in their individual capacity? As to the acts that we were talking about, the publication and the trespass and the myriad other things that had occurred, that was the only recovery we were seeking against those individuals. But what claims are you making against the estate? Because your complaint is front and center against the executrix, not only individually, but the executrix of the estate of Joseph A. Bryant. Well, because Ms. Karrad filed this notice of interest and styled herself as executrix. Who do you really want redress from? The estate, the individuals, or both? We want all of these individuals acting individually, and also Ms. Karrad to the extent she purports to act for an estate that should have been discontinued and closed a long time ago. So if she purports to act for the estate, then you're making a claim against the estate, is that correct? We are making a claim against her as an executrix, but we are not seeking to affect any assets. That means she's representing something, and that something she's representing is the estate. That is the title by which she purports to act. We don't believe that she is in any way acting pursuant to any orders of a probate court, but yes, Your Honor. But your complaint is against the executrix. The executrix represents the estate, is that correct? That is correct, yes, Your Honor. So if that's the case, then with regard to those claims that you have against the estate, which appeared to be, by and large, what you're really asking for in your complaint with regard to the declaratory judgment, et cetera, and the injunction, then don't you have, I agree there's no 90-day rule, but isn't under 395 with the probate code a 30-day notice that you have to give to the executrix that you have a claim? Absolutely not, Your Honor. The lower court read into, I'm sorry, three, I think the court read into 393 a requirement, a three-month requirement. Well, I'm talking about 395. Okay, I'm sorry, Your Honor. No, there's a 393, but 395 says, if the executor or administrator refuses to allow any claim or demand against the deceased after it's been exhibited to him in accordance with the provisions of the subchapter, the claimant may present a claim to the court or judge, thereof for allowance giving the executor or administrator a 30-day notice of such application to the court. Then you have to give a 30-day notice of your application to the court before you file the complaint with regard to those claims you have against the estate. I don't, that, we don't agree that we would have had that requirement or that the appellees made that assertion. You have a claim against the estate with regard to the easement. We didn't know about this easement. You filed something. You shouldn't have filed it, this notice of interest, and you need to get that off the record. It's screwing things up for us, and so we have a claim, and don't you need to let the executrix know that 30 days before you file your complaint? We have, we filed, certainly by the time, even assuming such a requirement exists, we believe that that has been substantially complied with. While we don't believe that these provisions are dispositive, Island Green did present a claim to the estate. That claim was verified. We've gone through those hoops. The estate has rejected that claim. I thought your letter to the estate was followed up almost within days. You followed up with a complaint. Isn't that correct? The initial claim was filed on April 1st. The complaint was filed on April 3rd, but it was not actually served until April 20th, and the defendants didn't take any action in the district court until June 1st. So certainly by that time, the claim, to the extent there was any such requirement, had been before them, and undoubtedly by the time the district court made its decision to dismiss, not only was there a verified claim before the estate, but they had been holding on to that claim for almost a year. So it is our position that the requirements that the court found to be required in this case, while we disagree, that those had been substantially complied with. The estate ultimately in October of 2010 rejected the claim and did what they certainly could and would have done from day one, but for the desire to deprive Island Green of its day in court. Did you appeal that determination, or is there a way to appeal that? Is there not within the probate system? There is no appeal of that. Our position is that we have a pending action in the district court, obviously subject to this court's determination, that we intend to move forward with if the district court is vacated. But I'm saying the October 2010 denial of relief in the probate code, are you saying there's no procedural mechanism for you to appeal that? Right. That is just a, you know, it's stamped rejected, Your Honor, but there is no adjudication on the merits of any claims for declaratory relief in the probate court. The probate court isn't set up to do any of those things or to hold a trial or any of the other things that would be required, and it's understood under Virgin Islands law, even the cases that the district court cited to, that any sort of a complex claim would be resolved in a regular court of competent jurisdiction. In this case, our belief is that the district court was such a court of competent jurisdiction. So the probate proceeding, Your Honor, and these statutes that have been unchanged since essentially the beginning of time are not statutes that would adjudicate claims of this complicated legal claims for injunctive and declaratory relief relating to acts of individuals who just happen to be heirs of someone but committed those acts well after the passing of the decedent. Good. Thank you very much, Ms. Francis. We'll have you back. Thank you. Mr. Herpel. May it please the court, Stephan Herpel on behalf of appellees, the estate of Joseph Bryan and his 13 children. Your Honor, in this case, the appellant, Island Green, seeks to relitigate an issue that was resolved in the estate's favor in prior federal court litigation here in the Virgin Islands in 1992. A consent judgment entered in that case. But that's not the basis on which the district court threw it out. He said go to probate court. But should a case that's against not just an estate but also against a number of individuals, should it be sent wholesale to probate court or should it not be permitted to proceed against these individuals? Your Honor, we agree that the case is properly at the proper jurisdiction in the district court. The way the claims presentment rules work under the probate code and as articulated in prior decisions of the Virgin Islands Court, the claim is presented in the first instance in the probate court. When it's a claim against the estate? Correct. Okay. And if the claim is rejected, there's the three-month period for either accepting or rejecting the claim. Three months, by the way. I only see 30 days in 395. What it is, Your Honor, is that that same statutory section, 395, requires the executrix to inform the court on a quarterly basis to list claims that have been accepted or rejected. But what does that have to do to change the 30 days of 395 to 90 days? Well, I read that as a 30-day requirement. In other words, there must be a submission in 30 days and then the before anything is done. And maybe there's an ambiguity in the statute, Your Honor. Giving the executor or administrator 30 days' notice of such application to the court. In other words, you can't go to court without 30 days' notice. I don't see anywhere it says 90. Well, it goes on to say, Your Honor, that Section 395, that the executrix shall report to the court on a 90-day basis whether claims have been accepted or rejected. She'll list the claims. So the reporting obligation. So that's a subsequent report to the court. But what's that got to do with the initial giving of notice to the executrix? Well, Your Honor, it may be. Whether it's 30 days or 90 days, the facts of this case are is that the lawsuit was filed before the claim was even presented and before there was any time, even one day. Well, I thought the claim was presented on April 1. They filed it on April 4. They just didn't give the 30 days' notice with regards to their claims, the particular claims they had against the estate. Well, it's a claims presentment rule. So the rule is very specific. And the claim must be presented just as under the Federal Tort Claims Act. The claim must not merely be filed. It must be presented to the government. And I really think the Federal Tort Claims Claims Presentment Procedure is analogous here, Your Honor. And proof-of-claim requirements are fairly common in the law. We have them in the bankruptcy. Rule 3001 requires creditors who wish to participate in a bankruptcy to file a proof-of-claim according to a prescribed form with a some certain included on that form. But that only takes away part of the complaint, the aspect of the complaint that's asking for relief against the estate vis-à-vis estate property. There's a lot more in the complaint in the way of allegations against heirs, et cetera, et cetera, different actions. Did you move to dismiss based on failure to state a claim as well as based upon probate? Well, yes, Your Honor. It wasn't clear whether this was a jurisdictional requirement, that is, the claims presentment rules, as they would be in the Federal Tort Claims context. I think all of the appellate courts or most have ruled that that claims presentment rule is jurisdictional. But it wasn't clear, absolutely clear, from the cases whether this is jurisdictional. Well, but that's not the question. If I sue you and I sue an estate, it's fine to say that the claim against the estate should have gone to the probate court. But could I not still sue you in an individual capacity over things that you have done separate and apart from these things? If they were truly separate and apart, Your Honor. But from the complaint, you at least can't tell. It's not all tied up with the estate. There's allegations that these individuals did certain things. Why should that not have been able to proceed in court? Your Honor, the district judge wasn't really helped by this complaint. Despite the fact that it has 120 paragraphs, it's really bereft of any allegations of specific misconduct against the defendants other than this general allegation. No, that Ms. O'Brien filed a notice of interest when she shouldn't have, that they had taken down trees that they shouldn't have, that there was defamation and got people to turn against them at this one meeting. You know, the whole shtick. Right. Your Honor, the complaint is replete with allegations about Ethel O'Brien acting as representative of the estate. And even that newspaper notice that is the subject of the… So the probate code doesn't apply to that individual, does it? If the person is acting as an agent of the estate, certainly. But it's avert individually and as representative. Direct threats to the life of persons affiliated. So you parse off the representative piece, but you say it can proceed against her individually. I don't think the complaint really informed the judge of any specific conduct. She signed the newspaper notice as a representative of the area. What was your motion to dismiss then? What was it based on? Your Honor, it was based on the failure to file, the failure to go along and comply with the claims presentment rules. As to the estate. And as to the individual defendants, there were alternative arguments, including the fact that they're not really proper defendants here. If you've got an estate, the estate is the representative. And if there truly are separate claims against the individuals, then under Rule 19… The complaint says we're suing individually and in this person's capacity as the executive director. So let's take off the representative capacity part. Ms. Bryan and others are being sued individually. What in the district court's or the court's opinion deals with the individual part here? Because that has nothing to do with the probate code. The court did not address that, but I did present an argument, several arguments. One of them was that if the estate cannot be properly joined for any reason… Rule 19B. Rule 19B. That the estate would be a necessary and indispensable party. And I think, Judge Ambrose, you were alluding to this. This is front and center a case about an easement owned by the estate. The estate is actually the entity that Island Green bought property from in 2006. The contract and the deeds are attached. The estate was the contracting entity because it is the functional owner of the property. So the suggestion that the estate really doesn't own anything or that an easement is not an asset of an estate, well, it's obvious that an easement is an asset of the estate. And this is a very important property interest to the estate. It provides the only practical access to the estate's remaining property on the western end of Inner Brass Island, the property. Assuming a presentment were made here, how would the case then proceed? If the presentment was made, we finally, after the dismissal, the third attempt to submit a proper proof of claim did include some certain damages of $2.7 million. And we rejected that claim. And at that point, the claimant, Island Green, could either ask the probate court to adjudicate the claim or they could bring a separate suit in the district court. And this procedure was actually discussed by Judge Moore, former Judge Moore, in the Oat estate of sewer case that's cited in the lower court brief. So there's an option. And I think if you look at the – And has anything been waived or given up or forfeited at this particular stage in the part of Ms. Francis' clients? Can they proceed in that direction, assuming you're right, that there should have been a presentment and that the individuals were somehow included in all of this? I'm not aware of any, Your Honor. I think she would – there was even some – we were before the probate court last September, Your Honor, and I was even expressed concern to the judge that another suit would be brought in federal court now that, you know, after – we hadn't rejected the claim then, but we did reject it a month later. And I even asked the court for an extension of time. This is very burdensome. And the way the case has been fled, you know, overly complicates it by naming these 13 areas when it's really front and center a case about an easement that's owned by an estate. And I think that – Why wouldn't we, on the claims that are made generally against the individuals, why wouldn't we remand to the district court for it to consider an amendment to the complaint? An amendment to the – Because, Your Honor, I think in the interest of judicial economy, it should just – you know, the case should be stopped. They should not be rewarded for – What do they have to do to bring back their claim against the estate? I guess that they have to file a claim, wait 30 days, you don't respond, and then they can file their claim. No, I think they've already – they filed the claim in the probate court. Finally, they did it in proper form with the sum certain that, by the way, is required under the Federal Tort Claims Act. And this court – What you say is not specific enough. Right. As recently as last year in the White Squires case, this court held that the claimant must provide an estimate, even of an unliquidated claim. And in the Keene case, Keene v. United States, that's a Second Circuit case, a very instructive case on this requirement. It's reported at 700 F. Second 836. The court held that each – If the claims are aggregated in a single proof of claim under the Federal Tort Claims Act, there must be a separate definite statement of damages. It could be an estimate for each claim. And further, that a statement in the form of X dollars plus some amount to be determined, that's not a proper claim. And that doesn't – And without a proper claim, that's too indeterminate. Without a proper claim, the claims presentment requirement is not satisfied and the case may not proceed. And it is a mandatory requirement. But I do think – Well, they now have done that. They filed it, and there was a rejection in October of 2010. Is there appeal proceedings or some other proceedings that would occur? They could go to the probate court and ask the probate court to adjudicate it, or they could file a new suit in the federal district court based on the rejection of the claim. Oh, they could. There are no statute of limitations problems or anything that they're doing? I don't think there are on a slander. Is the state still open? Is that right? Pardon me? Is that because the state is still open? Well, I think it would more go to just the operative statutes of limitation that apply to the causes of action. And I argued as an alternative argument in my appeal brief a slander of title claim isn't even right. The restatement requires unequivocally proof of special damages in the form of a lost sale, for instance, and proof of quantifiable damages. Now, this 2.7 – Diminution of value. That's not enough to make a slander of title claim cognizable. So I don't even think that the statute has begun to accrue. I don't think there is any such right slander of title claim. And there are numerous problems with the case, even as to the individual defendants. And most of my alternative arguments are the ones that I've emphasized here, the necessary indefensible party, the fact that you don't have to – an individual defendant is not a proper party to a case against an executrix. Those arguments were presented to the lower court. There are some alternative arguments that I haven't discussed here today that weren't presented. But the court can consider even alternative arguments that were not presented as a basis for affirmance. And I filed a brief in response to Island Green's motion to supplement the appendix on September – I believe – of last year that addresses – the U.S. Supreme Court has specifically held that an appellate court has that power. There are Third Circuit cases that – Well, basically, if the arguments were made below. If not, they're waived. Well, Your Honor, not as to an affirmance. When an appellate as a basis – now, an appellate, yes, you cannot obtain reversal on the basis of an argument not presented below. But the Supreme Court held in Halvern v. Gowran, a case from the 1930s, I believe, that that rule does not apply to appellees seeking to affirm. And there's some Third Circuit authority – again, I urge the court to look at my brief in response to the motion to supplement the appendix. No, you make that point in your brief. Why hasn't Island Green essentially cured any problems there in terms of the presumption? Well, Your Honor, they didn't follow the claims presentment rules. And under the Federal Tort Claims Act, there's no – using that as an analogy, there's no waiver. But at this point, I think part of the question is where's the harm now? They filed something on, what, the 4th of April. You filed your response when?  On the 22nd of April or so? The original claim was presented on April 20th. The amended claim was presented after the motion to dismiss, and that included the sworn verification. That's 2009. It wasn't until the case was dismissed in 2010 that they presented a proper proof of claim and our obligation to respond only attached then. But what was the harm? What's the harm to you now? Well, the case – Your Honor – I mean, you know what they're claiming, so – The case has been properly dismissed, and under the Federal Tort Claims analogy, that's a mandatory rule. The lower courts have held that it's mandatory, and the purposes are really the same, to inform the fiduciary, to give them a meaningful opportunity to assess the claim, determine whether to settle it. And I think they should be held to the rules, just as you did in the white – that this court did in the Squire White case – excuse me, the White-Squire case. The Virgin Islands courts, the decisions I've cited, the estate of Sewer and the – Steffi incorporated the estate of Savan, enforced those requirements, and they had the option of filing a new claim,  I don't think they should be rewarded. It sounds like you're standing strictly on procedure. They didn't comply with what looks to me like 30 days' notice. And, okay, so they didn't comply, they filed prematurely. Ultimately, you know they did make a claim. Ultimately, that claim was rejected. You know, isn't this putting small f form over capital S substance? Your Honor, then I think you'd have to say that about your Federal Tort Claims Act decisions. That's exactly what you did in the White-Squires case, and without regard to possible statute of limitations effects either. But at some point they can bring their claims, correct? And they did. And they were rejected. No, they can – that was an assertion of the claim, a proof of claim, really a third proof of claim that was filed in the probate court. Yes, they've done that. They've exhausted that administrative remedy. And the time has run, and the Executrix has responded, but it's late. What's the long – somebody's claiming an easement over a property to get to another portion of their property that's on, I guess, Parcel 3. You want to get that resolved at some point, don't you? We already did in a federal – prior to a federal court case, Your Honor. We're disturbed that we have to relitigate it. We don't understand that. And it's a recorded easement. It was recorded in 1967. It was litigated successfully in our favor in a subsequent – in a federal court case. And now we're back in federal court again tying up the resources. Well, it might have been easier if that was the basis on which the district court decided it. Pardon me? It might have been easier if that was the basis on which the district court decided it. Well, certainly those issues have already been ventilated in the appeal, and they're discussed in my statement of facts in exhaustive detail, that the deficiencies of this claim, the collateral estoppel effects, the fact that when the estate bought the property, this very easement was referenced when the estate brought the property from the – We're here on a procedural issue. Right. But, Your Honor, I think that, again, if you're going to act consistently with your Federal Tort Claims Act decisions and the other appellate courts that have addressed this, and with the Virgin Islands cases, the two cases that have addressed this requirement, it's a mandatory requirement and it should be enforced. If that is correct with respect to the easement, that still does not resolve the individual claims, does it? Yes, but the court even – and I cited the Takeda case in the Ninth Circuit that can raise on its own a Rule 19 issue and decide it without remand, and I think it would be a waste of judicial resources to remand this case for that determination. The estate is clearly a necessary and indispensable party on claims regarding an asset of the estate, this easement, a property interest that it owns. Good. Any other questions? Mr. Herpel, thank you very much. Thank you very much, Your Honor. Ms. Francis? We would urge this court to refrain from the invitation to import case law concerning the Federal Tort Claims Act and the requirements of that act to Virgin Islands law where no Virgin Islands court has ever done so, Your Honor. That's simply not appropriate. Are the individual claims inextricably tied in with the estate? No, we do not believe that they are, Your Honor. Why? What claims are not tied in with the estate specifically? What's said in the complaint against individuals that has no bearing on the estate? The claims with respect to defamation have no bearing on any assets of the estate. The publication in a newspaper, the actions relating to proceedings before other regulatory bodies in the Virgin Islands, none of that. They all had to do with this easement, did they not, at record title? The publication in the newspaper and the defamation addressed a number of issues. It did not address the easement at all, Your Honor. And the proceedings before the VI regulatory agencies, there were some efforts in the Office of the Cadastral that related to this easement, but the proceedings before the Coastal Zone Management Commission did not relate to the easement. So there are a number of claims that have nothing at all to do with the easement and have to do with individuals acting as individuals. Well, you aver that the individuals got certain proceeds, but you have waived your disgorgement claim, essentially. So you're saying you're not proceeding against them for disgorgement, correct? We are proceeding against them for damages, correct. We are not seeking – I believe that that is correct. Where do you specifically aver exactly what these individuals did that gives you a right to relief? Because there's a 12B6 Failure to State a Claim, and under Iqbal and Twombly, there's a certain level of pleading. That is correct, but even after Iqbal and Twombly, we are required to have a plain statement and plausible statement. That's why I'm asking exactly what have you averred. We also would be entitled to amend if that had been an issue that the defendants were pursuing. They pursued a simple failure to present claim, but we believe – if I can just have a moment to turn to the complaint that was filed. It is our position that the allegations in the complaint, they would be the allegations that relate to the proceedings before the CZM Commission of – What paragraph is that? Those start generally in and around paragraph 76 of the complaint, but in paragraph 80 of the complaint, we recite the contents of a newspaper ad that was put in the newspaper by Ethel Bryan on behalf of herself and the members of her family, which asserted that we – This is Ethel Bryan, representative of the Bryan Heirs. So would that not be involved in the estate? She says she is on behalf of herself and members of the family. Representative 85, representative of the Bryan estate, wouldn't the estate be necessary to the determination of that? We do not believe that the mere – no. We do not agree that the mere fact that there is a probate proceeding pending somewhere affects Island Green's right to seek defamation, damages for defamation committed by Ethel Bryan. This is really a misuse of the probate proceeding. The probate code was never intended to be a perpetual shield for individuals who just happen to be heirs, and if that were the case, every individual in the Virgin Islands would do what these defendants have done and left the probate action open indefinitely so that they could go about committing any acts that they want to wantonly and then later claim that, well, there's a probate proceeding, so you're stuck with that procedure. And we don't believe that that's what the code contemplates. There were also allegations in the complaint concerning the destruction of trees on the property in paragraph 91, and we believe throughout the complaint there's certainly enough to state a plausible claim or plausible claims for damages against the individuals as individuals irrespective of any issues relating to rights of the probate or of the estate. So while there was a passing reference to Rule 19b in the motion to dismiss and the argument about indispensable parties, that was not at all the focus of any proceedings below, nor obviously was it the basis on which the district court dismissed our client's lawsuit. Had that been, we would have moved for leave to amend, and certainly we believe we would have been entitled to leave to amend before the district court could address on the merits whether any of the claims against the individuals as individuals stated a claim or whether dismissal was the appropriate course of action. So we would urge this court not to affirm on those alternative grounds. Let me ask any other questions. Ms. Francis, thank you very much. The case was very well argued by both lawyers. Take the matter under advisement.